[Cite as *State v. Rucker*, 2026-Ohio-2734.]

IN THE OHIO COURT OF APPEALS
FIFTH APPELLATE DISTRICT
RICHLAND COUNTY, OHIO

| | |
|---|---|
| STATE OF OHIO, | Case No. 2026 CA 0003 |
| Plaintiff - Appellee | <u>Nunc Pro Tunc</u><br><u>Opinion And Judgment Entry</u> |
| -vs- | Appeal from the Richland County Court of Common Pleas, Case No. 2025 CR 474 R |
| DEMETRIUS L. RUCKER, | |
| Defendant - Appellant | Judgment:  Affirmed |
| | Date of Judgment Entry: July 31, 2026 |

**BEFORE:** William B. Hoffman; Craig R. Baldwin; David M. Gormley, Judges

**APPEARANCES:** JODIE SCHUMACHER, Prosecuting Attorney, MICHELLE FINK, Assistant Prosecuting Attorney, for Plaintiff-Appellee; FELICE HARRIS, for Defendant-Appellant.

*Baldwin, J.*

{¶1} Appellant Demeterius L. Rucker appeals his sentence after pleading guilty to three counts of trafficking in cocaine, three counts of possession of cocaine, and one count of possession of a fentanyl-related compound. Appellee is the State of Ohio. For the reasons that follow we affirm the decision of the trial court.

**STATEMENT OF FACTS AND THE CASE**

{¶2} In April of 2025 the Richland County METRICH Enforcement Unit[1] utilized a confidential informant to make two drug purchases from the appellant at 618 Burns Street, Mansfield, Ohio. Said drug purchases were submitted for analysis, and the substances were found to contain cocaine. Based upon this information, METRICH obtained a search warrant for the Burns Street location. The warrant was executed on June 11, 2025. The appellant fled from the residence carrying a black Nike backpack with officers in pursuit. The appellant threw the backpack and another item over a fence while running from officers. The appellant was apprehended, and the items he attempted to throw away were seized. The evidence obtained via execution of the search warrant included, inter alia, a large amount of cocaine, unknown pills, a glass Pyrex bowl, baggies, syringes, drug paraphernalia, a significant amount of U.S. currency, and several cellular telephones.

{¶3} The appellant was indicted on July 24, 2025, on the following charges:

- Count One: Trafficking in Cocaine in violation of R.C. 2925.03(A)(2) and (C)(4)(g), a felony of the first degree, with forfeiture specifications for cash and multiple cellular telephones pursuant to R.C. 2941.1417(A);

- Count Two: Possession of Cocaine in violation of R.C. 2925.11(A) and (C)(4)(f), a felony of the first degree, with forfeiture specifications for cash and multiple cellular telephones pursuant to R.C. 2941.1417(A);

- Count Three: Trafficking in Cocaine in violation of R.C. 2925.03(A)(1) and (C)(4)(f), a felony of the first degree;

---

[1] The Richland County METRICH Enforcement Unit is a collaborative law enforcement entity consisting of members from the Mansfield Division of Police and the Richland County Sheriff's Office created to reduce the availability of drugs in Richland County.

- Count Four: Possession of Cocaine in violation of R.C. 2925.11(A) and (C)(4)(e), a felony of the first degree;

- Count Five: Trafficking in Cocaine in violation of R.C. 2925.03(A)(1) and (C)(4)(c), a felony of the fourth degree;

- Count Six: Possession of Cocaine in violation of R.C. 2925.11(A) and (C)(4)(b), a felony of the fourth degree; and,

- Count Seven: Possession of a Fentanyl-Related Compound in violation of R.C. 2925.11(A) and (C)(11)(a), a felony of the fifth degree.

The appellant was appointed counsel, and pleaded not guilty to all charges at his July 31, 2025, arraignment. The matter was set for trial.

{¶4} The appellant thereafter changed his plea, and entered a plea of guilty to all charges. A Change of Plea hearing was conducted on November 12, 2025, at which time the trial court engaged in the appropriate Crim.R. 11 colloquy. The parties were initially going to proceed straight to sentencing upon the appellant's guilty plea, but the trial court determined that receipt of the presentence investigation was necessary prior to the imposition of sentence:

THE COURT: All right. So there was discussions [sic] about a potential sentence, and I think the parties - - there was going to be an argument for sentence.

Attorney Thompson, you were hoping for somewhere in the range of 13 to whatever. "Whatever" means I have to give you that sentence of 13 to something. I think the State of Ohio was going to argue for maybe 15 to something. I was in the area of 17 to something.

What we're going to do - - I don't think we're going to go to sentencing today, Attorney Thompson.

MR. THOMSON: My understanding, what I communicated to Mr. Rucker at the conclusion of the final pretrial, is that the presentence investigation would be had. That way, the Court would have the information it wanted to bolster or compare against any argument made by the State of Ohio or myself as far as sentencing.

THE COURT: Okay. Mr. Rucker, as you sit here today, I don't know what my sentence is going to be because I haven't heard your arguments. I haven't heard arguments from your attorney. I don't have a presentence investigation. I don't know your background, any of that. But, needless to say, that I'm in the range of somewhere between 13 to something to 17 to something or somewhere in between. I don't know where I'm at right now, but that's kind of what I'm thinking. Obviously, if you got in trouble in the jail between now and sentencing, that might change my mind and make it go up if you got in trouble over there. So just make sure you're on your best behavior. I can't promise you a particular sentence. I can't tell you today, Mr. Rucker, this is what your sentence is going to be. That's kind of a range. Your lawyer was at the bottom end, I was at the top end, and the State of Ohio was somewhere in between. But I'm willing to listen to what everybody has to say before I make an ultimate decision in the case. Do you understand that?

MR. RUCKER: Yes, Your Honor.

THE COURT: Any questions about any of this?

MR. RUCKER: No.

THE COURT: So let me ask you, Mr. Rucker, how you plead [sic] to these charges. It's going to be the first-degree felony trafficking in cocaine with all the forfeiture specs and for the money, all the cell phones. That's the one with the mandatory 11 to 16 and a half years in prison. That's that count.

Count 2 is the possession for the same amount of drugs.

3 and 4 are the first-degree felony trafficking in cocaine. That relates to the purchase. One is a first-degree felony, but it's a required maximum sentence for those two counts.

And 5 and 6 are for the trafficking in cocaine and possession of cocaine.

And, finally, Count 7 for the possession of fentanyl.

So, it's trafficking in cocaine with a forfeiture specification, F-1; possession of cocaine, same amount of drugs with the forfeiture specification; trafficking in cocaine, first-degree felony; possession of cocaine, first-degree felony; trafficking in cocaine, fourth-degree felony; possession of cocaine, fourth-degree felony; possession of fentanyl, fifth-degree felony.

How do you plead to all those?

MR. RUCKER: Guilty, Your Honor.

THE COURT: Okay. I accept your guilty pleas, Mr. Rucker, and find those pleas to be knowingly, intelligently, and voluntarily made. Continue the bond. Order a presentence investigation.

The trial court filed an Admission of Guilt/Judgment Entry on November 18, 2025, memorializing the change of plea proceedings.

**{¶5}** The Sentencing Hearing proceeded on December 10, 2025. The trial court noted that the appellant pleaded as charged; and that Count 2 merged with Count 1, Count 4 merged with Count 3, and Count 6 merged with Count 5. The court determined that it would sentence the appellant on Counts 1, 3, 5, and 7.

**{¶6}** The trial court heard arguments on sentencing from the parties, and summarized the appellant's case as follows:

> THE COURT: Thank you.
>
> So, yeah, the underlying facts are, there was a search warrant back on June 11th, 2025, on Burns Street by Mansfield Police Department and METRICH Drug Task Force. Mr. Rucker ran out of the residence with a black Nike bookbag and a large amount of cocaine. He had $4,125 on his person and $22,000 in the house. They also located some fentanyl at that time. They had made purchases from him on April 22nd of 2025 with a confidential informant and on April 23rd, 2025. One of those was a first-degree felony amount of cocaine. The other one was a fourth-degree felony amount of cocaine. That's how you get the trafficking in cocaine, first-degree felony, major drug offender; first-degree felony; and then the fourth-degree felony and the fifth-degree felony.

The court acknowledged receipt of several letters submitted on the appellant's behalf. The court summarized the appellant's presentence investigation report, noting past convictions for possession of cocaine, some CCW charges, and drug possession, as well as a past prison

sentence in connection with a 2005 case. The court noted further that the appellant scored a 24 on the Ohio Risk Assessment, which was considered a high risk.

{¶7} The trial court sentenced the appellant as follows:

THE COURT:    What I think is appropriate is, I have to do 11 to 16 and a half years in prison mandatory time on Count 1. I'm required to do that under Ohio law.

Count 5 is 18 months in prison run concurrent [sic] to Count 1 and the other counts. Count 7 is 12 months in prison concurrent to the other counts.

\*      \*      \*

For Count 3, I'm going to run that consecutive for that count. That's the other first-degree felony. That was the sale that happened on April 23rd, 2025. That sentence will be six years in prison. That's mandatory time.

To add all that up - - like I said, I already merged 2, 4, and 6 with 1, 3, 5. And I ran 5 and 7 concurrent with the 1 and 3 consecutive.

The reason for consecutive sentences is I think it's necessary to protect the public, punish the offender, it's not disproportionate to the conduct or the danger posed, and these are multiple offenses committed as part of a criminal course of conduct and the harm caused by the multiple offenses was so great or unusual that no single prison term adequately reflects the seriousness. He does have a criminal history. He had a trafficking before back in 2005 that he did go to prison on in that case. I think it's necessary, again, based on the criminal history, to protect the public from future crime.

That total sentence then is going to be an aggregate of 17 years to a maximum of 22 and one half years maximum.

The court issued a Sentencing Entry on December 16, 2025, memorializing the sentence imposed.

**{¶8}** The appellant filed a timely appeal in which he sets forth the following sole assignment of error:

**{¶9}** "I. DEMETRIUS RUCKER WAS DENIED HIS CONSTITUTIONAL RIGHTS TO DUE PROCESS OF LAW. (PLEA TR. P. 33-35, SENT.TR. P 49-52.)"

**{¶10}** The appellant submits that the trial court had a predetermined sentence in mind indicating prejudgment, a lack of impartiality, and a lack of meaningful consideration of mitigation in violation of the appellant's Constitutional rights to due process. We disagree.

**STANDARD OF REVIEW**

**{¶11}** An appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence. *State v. Marcum*, 2016-Ohio-1002, ¶ 23. "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, paragraph three of the syllabus (1954). Thus, we may vacate or modify the appellant's sentence only if we find, by clear and convincing evidence, that the record does not support it.

**{¶12}** The Ohio Supreme Court addressed the issue of consecutive sentences in *State v. Bonnell*, 2014-Ohio-3177:

> On appeals involving the imposition of consecutive sentences, R.C. 2953.08(G)(2)(a) directs the appellate court "to review the record, including the findings underlying the sentence" and to modify or vacate the sentence "if it clearly and convincingly finds * * * [t]hat the record does not support the sentencing court's findings under division * * * (C)(4) of section 2929.14 * * * of the Revised Code." But that statute does not specify where the findings are to be made. Thus, the record must contain a basis upon which a reviewing court can determine that the trial court made the findings required by R.C. 2929.14(C)(4) before it imposed consecutive sentences.

*Id.* at ¶ 28. The issue was subsequently addressed by this Court in *State v. Corbett,* 2023-Ohio-556 (5th Dist.):

> We review felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 22. In *State v. Gwynne*, a plurality of the Supreme Court of Ohio held that an appellate court may only review individual felony sentences under R.C. 2929.11 and R.C. 2929.12, while R.C. 2953.08(G)(2) is the exclusive means of appellate review of consecutive felony sentences. 158 Ohio St.3d 279, 2019-Ohio-4761, 141 N.E.3d 169, ¶ 16-18.

> R.C. 2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for resentencing where we clearly and convincingly find that *either* the record does not support the sentencing court's

findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), *or* the sentence is otherwise contrary to law. *See, also, State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.2d 659, ¶ 28; *Gwynne,* supra, ¶ 16.

Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford,* 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus. "Where the degree of proof required to sustain an issue must be clear and convincing, a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof." *Cross,* 161 Ohio St. at 477, 120 N.E.2d 118.

*Id.* at ¶24-26.

### ANALYSIS

{¶13} The appellant was sentenced on two first-degree felonies (Counts 1 and 3); a fourth-degree felony (Count 5); and, a fifth-degree felony (Count 7). Counts 2, 4, and 6 were merged with other counts for purposes of sentencing.

{¶14} R.C. 2929.13(D) provides in pertinent part that ". . . for a felony of the first or second degree, for a felony drug offense that is a violation of any provision of Chapter 2925, 3719, or 4729 of the Revised Code for which a presumption in favor of a prison term is specified as being applicable . . . it is presumed that a prison term is necessary in order to comply with the purposes and principles of sentencing under section 2929.11 of the Revised Code." R.C. 2929.13(E) provides further that "[e]xcept as provided in division (F) of this

section, for any drug offense that is a violation of any provision of Chapter 2925 of the Revised Code and that is a felony of the third, fourth, or fifth degree, the applicability of a presumption under division (D) of this section in favor of a prison term or of division (B) or (C) of this section in determining whether to impose a prison term for the offense shall be determined as specified in section 2925.02, 2925.03, 2925.04, 2925.05, 2925.06, 2925.11, 2925.13, 2925.22, 2925.23, 2925.36, or 2925.37 of the Revised Code, whichever is applicable regarding the violation."

{¶15} R.C. 2929.11(F)(5) provides that "[a] first, second, or third degree felony drug offense for which section 2925.02, 2925.03, 2925.04, 2925.05, 2925.06, 2925.11, 2925.13, 2925.22, 2925.23, 2925.36, 2925.37, 3719.99, or 4729.99 of the Revised Code, whichever is applicable regarding the violation, requires the imposition of a mandatory prison term." Thus, the appellant was subject to the imposition of a mandatory prison term on Counts 1 and 3.

{¶16} R.C. 2929.14(A)(1)(a) provides in pertinent part that "[f]or a felony of the first degree committed on or after March 22, 2019, the prison term shall be an indefinite prison term with a stated minimum term selected by the court of three, four, five, six, seven, eight, nine, ten, or eleven years and a maximum term that is determined pursuant to section 2929.144 of the Revised Code…" R.C. 2929.144 provides that "[i]f the offender is being sentenced for one felony and the felony is a qualifying felony of the first or second degree, the maximum prison term shall be equal to the minimum term imposed on the offender under division (A)(1)(a) or (2)(a) of section 2929.14 of the Revised Code plus fifty per cent of that term."

{¶17} R.C. 2929.14(A)(4) provides that "[f]or a felony of the fourth degree, the prison term shall be a definite term of six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen,

fifteen, sixteen, seventeen, or eighteen months." R.C. 2929.14(A)(5) provides that "[f]or a felony of the fifth degree, the prison term shall be a definite term of six, seven, eight, nine, ten, eleven, or twelve months."

{¶18} The trial court sentenced the appellant to 11 to 16 and one-half years on Count 1 - Trafficking in Cocaine; and, 6 years on Count 3 Trafficking in Cocaine, and ordered that said sentences be served consecutively. It sentenced the appellant to 18 months on Count 5; and, 12 months on Count 7, and ordered that said sentences be served concurrently with each other and Counts 1 and 3. These prison terms are all within statutory parameters.

{¶19} R.C. 2929.11 provides in pertinent part:

(A)     A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.

(B)     A sentence imposed for a felony shall be reasonably calculated to achieve the three overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and

consistent with sentences imposed for similar crimes committed by similar offenders.

The trial court specifically stated during the sentencing hearing that it found the sentences imposed were necessary to protect the public from future crime by the appellant and to punish him, and were not disproportionate to the seriousness of the appellant's conduct and the danger he posed to the public.

{¶20} R.C. 2929.12 provides in pertinent part:

(A)    Unless otherwise required by section 2929.13 or 2929.14 of the Revised Code, a court that imposes a sentence under this chapter upon an offender for a felony has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code. In exercising that discretion, the court shall consider the factors set forth in divisions (B) and (C) of this section relating to the seriousness of the conduct, the factors provided in divisions (D) and (E) of this section relating to the likelihood of the offender's recidivism, ***

(B)    The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is more serious than conduct normally constituting the offense:

*      *      *

(C)    The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors,

as indicating that the offender's conduct is less serious than conduct normally constituting the offense:

\* \* \*

(4) There are substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense.

(D) The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is likely to commit future crimes:

\* \* \*

(2) The offender previously was adjudicated a delinquent child pursuant to Chapter 2151 of the Revised Code prior to January 1, 2002, or pursuant to Chapter 2152 of the Revised Code, or the offender has a history of criminal convictions.

(3) The offender has not been rehabilitated to a satisfactory degree after previously being adjudicated a delinquent child pursuant to Chapter 2151 of the Revised Code prior to January 1, 2002, or pursuant to Chapter 2152 of the Revised Code, or the offender has not responded favorably to sanctions previously imposed for criminal convictions.

(4) The offender has demonstrated a pattern of drug or alcohol abuse that is related to the offense, and the offender refuses to acknowledge that the offender has demonstrated that pattern, or the offender refuses treatment for the drug or alcohol abuse.

(5) The offender shows no genuine remorse for the offense.

(E) The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is not likely to commit future crimes:

(1) Prior to committing the offense, the offender had not been adjudicated a delinquent child.

(2) Prior to committing the offense, the offender had not been convicted of or pleaded guilty to a criminal offense.

(3) Prior to committing the offense, the offender had led a law-abiding life for a significant number of years.

(4) The offense was committed under circumstances not likely to recur.

(5) Except as provided in division (G) of this section, the offender shows genuine remorse for the offense.

{¶21} The imposition of a maximum sentence was discussed by this Court in *Ohio v. Walsh*, 2022-Ohio-3883, (5th Dist.) as follows:

Pursuant to R.C. 2953.08(A)(1), Walsh is entitled to appeal as of right the maximum sentence imposed on his conviction. Under R.C. 2953.08(G)(2), we may either increase, reduce, modify, or vacate a sentence and remand for resentencing if we clearly and convincingly find that either the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise contrary to law. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231; *State v. Howell*, 5th Dist. Stark No. 2015CA00004, 2015-Ohio-4049.

"Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

As noted by this court in *State v. Taylor*, 5th Dist. Richland No. 17CA29, 2017-Ohio-8996, ¶ 16:

> A trial court's imposition of a maximum prison term for a felony conviction is not contrary to law as long as the sentence is within the statutory range for the offense, and the court considers both the purposes and principles of felony sentencing set forth in R.C. 2929.**11** and the seriousness and recidivism factors set forth [in] R.C. 2929.12. *State v. Keith*, 8th Dist. Cuyahoga Nos. 103413 and 103414, 2016-Ohio-5234, ¶ 10, 16.

R.C. 2929.11 governs overriding purposes of felony sentencing and states the trial court "shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both."

R.C. 2929.12 governs factors to consider in felony sentencing. Subsection (A) states the trial court "shall consider the factors set forth in divisions (B) and (C) of this section relating to the seriousness of the conduct,

[and] the factors provided in divisions (D) and (E) of this section relating to the likelihood of the offender's recidivism."

In *State v. Webb*, 5th Dist. Muskingum No. CT2018-0069, 2019-Ohio-4195, ¶ 17 we found that:

> Although a trial court must consider the factors in R.C. 2929.11 and 2929.12, there is no requirement that the court state its reasons for imposing a maximum sentence, or for imposing a particular sentence within the statutory range. There is no requirement in R.C. 2929.12 that the trial court states on the record that it has considered the statutory criteria concerning seriousness and recidivism or even discussed them. (Citations omitted.)

"Nothing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 42.

*Id.* at ¶¶ 9-15.

**{¶22}** In this case, two of the Counts to which the appellant pleaded guilty and for which he was sentenced were first-degree felony drug trafficking offenses. The appellant was sentenced on Count 1 to a minimum of 11 years in prison and a maximum of 16 and one-half years in prison. The appellant was sentenced on Count 3, also a first-degree drug trafficking offense, to 6 years in prison. These sentences were clearly within the parameters established

by R.C. 2929.14. The sentences imposed for Counts 5 and 7 were also within statutory parameters.

{¶23} The court ordered that the sentences for Counts 1 and 3 be served consecutively. R.C. 2929.14 specifically addresses the imposition of consecutive sentences at section (C)(4):

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> (a)     The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b)     At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c)    The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

This language was applied in *Corbett, supra,* in which this Court stated:

"In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings." *State v. Newman*, 5th Dist. Fairfield No. 20-CA-44, 2021-Ohio-2124, 2021 WL 2628079, ¶ 100, citing *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, syllabus. In other words, the sentencing court does not have to perform "a word-for-word recitation of the language of the statute." *Id.* at ¶ 29. Therefore, "as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Id.* If a sentencing court fails to make the findings required by R.C. 2929.14(C)(4), a consecutive sentence imposed is contrary to law. *Id.* at ¶ 34. The trial court is not required "to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry." *Id.* at ¶ 37.

*Id.* at ¶28.

{¶24} Our review of the record establishes that the trial court made the findings required by R.C. 2929.14(C)(4) before it imposed consecutive sentences. The trial court

specifically found that consecutive sentences were necessary to protect the public and punish the appellant, and were not disproportionate to the seriousness of the appellant's conduct and the danger he posed to the public.

{¶25} We are unpersuaded by the appellant's argument that the trial court exhibited judicial bias against him by stating during the change of plea hearing that the sentence it anticipated imposing was "in the range of somewhere between 13 to something to 17 to something or somewhere in between. I don't know where I'm at right now, but that's kind of what I'm thinking." He submits that these comments constitute judicial bias that rise to the level of a violation of his "due process and fair trial rights." We disagree.

{¶26} The issue of judicial bias was discussed by this Court in *State v. Baker*, 2024-Ohio-906 (5th Dist.):

> "The inquiry [for judicial bias] is an objective one. The court asks not whether the judge is actually, subjectively biased, but whether the average judge in his position is 'likely' to be neutral, or whether there is an unconstitutional 'potential for bias.' " *Caperton v. A.T. Massey Coal Co., Inc.,* 556 U.S. 868, 881, 129 S.Ct. 2252, 173 L.Ed.2d 1208 (2009). Moreover, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion," but instead, "[a]lmost invariably are proper grounds for appeal, not recusal." *Liteky v. United States,* 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994). Likewise, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible."

Id. at 555, 114 S.Ct. 1147. *See, State v. Morrow,* 5th Dist. Muskingum No. CT2021-0053, 2022-Ohio-1089, ¶43.

Judicial bias is demonstrated by "a hostile feeling or spirit of ill will or undue friendship or favoritism toward one of the litigants or his attorney, with the formation of a fixed anticipatory judgment on the part of the judge, as contradistinguished from an open state of mind which will be governed by the law and [the] facts." *State v. Jackson*, 149 Ohio St.3d 55, 2016-Ohio-5488, ¶ 33, 73 N.E.3d 414, *quoting State ex rel. Pratt v. Weygandt*, 164 Ohio St. 463, 132 N.E.2d 191 (1956), paragraph four of the syllabus. "A judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions." *In re Disqualification of George*, 100 Ohio St.3d 1241, 2003-Ohio-5489, ¶ 5, 798 N.E.2d 23. Moreover, a party that seeks to establish bias bears the burden of overcoming that presumption. *Coley v. Bagley*, 706 F.3d 741, 751 (6th Cir. 2013).

\* \* \*

Baker does not cite to any statement made by the trial judge during the sentencing hearing or the hearing on her petition for postconviction relief to demonstrate bias. Mere evidence of distain for the defendant is not enough,

> The judge who presides at a trial may, upon completion of the evidence, be exceedingly ill disposed towards the defendant, who has been shown to be a thoroughly reprehensible person. But the judge is not thereby recusable for bias or prejudice, since his knowledge and the opinion it produced were properly and necessarily acquired in the course of the

proceedings, and are indeed sometimes (as in a bench trial) necessary to completion of the judge's task. As Judge Jerome Frank pithily put it: "Impartiality is not gullibility. Disinterestedness does not mean child-like innocence. If the judge did not form judgments of the actors in those court-house dramas called trials, he could never render decisions." *In re J.P. Linahan, Inc.*, 138 F.2d 650, 654 (C.A. 2 1943).

*Liteky v. United States,* 510 U.S. at 550-551, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994).

As we have found in our disposition of Baker's First Assignment of Error, the trial judge did listen to and consider Dr. Stinson's testimony. We do not find evidence in the record which would overcome the strong presumption that the trial judge was free of bias or prejudice against Baker or that establishes the trial judge's conduct denied Baker her right to due process.

*Id.* at ¶¶ 73-76. The *Baker* Court found that the appellant had failed to point to compelling evidence in the record that the trial judge was biased or "that there was an unconstitutional 'potential for bias' that seriously affected the fairness, integrity, or public reputation of the sentencing hearing or the hearing on her petition for postconviction relief." *Id*. at ¶77.

{¶27} So, too, has the appellant failed to make such a showing in this case. First, the appellant did not submit his guilty plea until after the allegedly biased comments. He was present at the change of plea hearing with counsel, heard the trial court's statements, declined to ask any questions, made no objections, and pleaded guilty. Second, the record does not reflect that the trial court had a definite "predetermined" sentence indicating "prejudgment, lack of impartiality, and lack of meaningful consideration of mitigation;" in fact, it reveals

quite the opposite. The record reveals that the trial court engaged in meaningful consideration of the facts during sentencing. With regard to mitigation, the trial court read the letters submitted by the appellant's family, and heard statements during the sentencing hearing from two of the appellant's family members regarding how family oriented the appellant was and how he was trying to care for his family and leave them a legacy. The court also reviewed the appellant's presentence investigation, heard the parties' arguments. It simply found that the family members' statements, and other mitigating factors, did not outweigh the fact that the appellant was engaged in the crime of trafficking in cocaine; possessed large amounts cocaine, and fentanyl, at the time of his arrest; and, possessed not only the aforementioned drugs, but also several cell phones and nearly $25,000 in cash at the time of his arrest. The appellant was a drug dealer, selling drugs to members of his community. The court found that the fact that the appellant was "a family man" who was loved by his family did not outweigh the fact that he was actively engaged in drug trafficking in his community, and had a drug-related criminal history. This determination is clearly within the discretion of the trial court, and does not rise to the level of judicial bias or reversible error.

{¶28} "[A]s long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Bonnell*, supra, at ¶ 29. In the case sub judice, the record establishes that the trial court considered R.C. 2929.11 and 2929.12 in imposing sentence upon the appellant, made the necessary findings pursuant to R.C. 2929.14(C)(4) at the sentencing hearing, and incorporated its findings into its sentencing entry. The record supports the findings of the trial court, and the appellant's sentences should be upheld. We therefore find the appellant's sole assignment of error to be wholly without merit.

## CONCLUSION

{¶29} Based upon the foregoing, the appellant's sole assignment of error is overruled, and the decision of the Richland County Court of Common Pleas is hereby affirmed.

{¶30} Costs to appellant.

By: Baldwin, J.

Hoffman, P.J. and

Gormley, J. concur.